IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Cynthia Collie Holmes, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:20-234-BHH |
| v. ) | |
| ) | **ORDER** |
| Haynsworth Sinkler Boyd, P.A., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Cynthia Collie Holmes' ("Appellant" or "Holmes") filed this pro se appeal from the United States Bankruptcy Court for the District of South Carolina. The matter was referred to a United States Magistrate Judge for preliminary review in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2). On July 1, 2020, Appellant filed a motion to remand this matter to the United States Bankruptcy Court and to hold all time limits in abeyance.

On August 12, 2020, the Magistrate Judge issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court deny Appellant's motion to remand. In her Report, the Magistrate Judge found that the June 11, 2020, order from the Ninth Judicial Circuit Court of Common Pleas ("state court order"), upon which Appellant relies in her motion, would not likely influence the outcome of this appeal and does not warrant the relief Appellant seeks in her motion. As to Appellant's request to hold time limits in abeyance, the Magistrate Judge recommends that the parties be granted additional time to file their final appellate briefs.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

In response to the Magistrate Judge's Report, Appellant filed an "appeal of magistrate judge order to district court and motion for *de novo* determination by Article III judicial officer and motion to hold all time limits in abeyance; in the alternative, preliminary objections." (ECF No. 50.) The Court has reviewed this filing and finds it wholly without merit. Appellant simply repeats large portions from her previous filings, and, with respect to her specific objections to the Magistrate Judge's Report, she simply argues that the Magistrate Judge lacks jurisdiction because this matter was referred without her consent and in the absence of authority. The Court finds no merit to Appellant's arguments. In addition, nowhere in her objections does Appellant explain how the state court order amounts to an intervening change in state law or why the state court order warrants a remand of this action; rather, she simply repeats her conclusory arguments without any legal or factual support. Appellant's objections are overruled.

**CONCLUSION**

Based on the foregoing, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 44) is adopted and incorporated herein; Plaintiff's motion to remand (ECF No. 37) is denied: and Plaintiff's objections (ECF No. 50) are overruled. In the interest of fairness, the Court enlarges the fifteen days recommended by the Magistrate Judge and grants Plaintiff an additional thirty days from the date of this order to supplement her preliminary brief and file a final appellate brief. The Court also grants Appellee thirty days from the date Appellant files her final brief (or if no brief is filed, after the deadline for doing so expires) to file its appellate brief in this matter.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

December 15, 2020
Charleston, South Carolina