UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| In Re: | ) | C/A No. 2:20-00234-BHH-MHC |
| | ) | |
| Cynthia Collie Holmes, | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | |
| | ) | |
| —————————————————— | ) | |
| | ) | |
| Cynthia Collie Holmes, | ) | |
| | ) | **ORDER** |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Haynsworth Sinkler Boyd, P.A., | ) | |
| | ) | |
| Appellee, | ) | |
| —————————————————— | ) | |

This case is a pro se appeal from the United States Bankruptcy Court for the District of South Carolina filed by Appellant Cynthia Collie Holmes. The docket number for the Bankruptcy Court action is Case No. 19-01644-DD (Adversary Proceeding No. 19-80053-DD).[1]

The Court takes judicial notice of an Order from the Bankruptcy Court, dated August 3, 2021, dismissing the underlying bankruptcy case. *See In re Holmes*, No. 19-01644-DD, 2021 WL 3834168, at *1 (Bankr. D.S.C. Aug. 3, 2021) (docket number 142); *see also* Fed. R. Evid. 201; *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that the most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.")

---

[1] Although the Bankruptcy Court granted Appellant's motion to dismiss Adversary Proceeding No. 19-800053-dd brought by Appellee Haynsworth Sinkler Boyd, P.A. ("HSB"), Appellant nonetheless appealed that ruling to this Court. *See* ECF No 1.

1

(internal quotation marks omitted); *James v. Ozmint*, No. CA 1:11-1646-TMC, 2011 WL 5149185, at *2 (D.S.C. Oct. 31, 2011) (taking judicial notice of the plaintiff's state action and reviewing the state court's order of dismissal).

In its Order of Dismissal, the Bankruptcy Court found that HSB was the only remaining creditor in the case and that the only asset in the bankruptcy estate available for liquidation was real property located on Sullivan's Island that Appellant jointly owns with her ex-husband ("Property"). *In re Holmes*, 2021 WL 3834168, at *1–2. The Bankruptcy Court further found:

> The trustee has not begun to liquidate the Property and, due to litigation, may not be in a position to do so for some time. Litigation is pending, including appeals in the District Court, Court of Appeals, and state appellate courts. Other litigation is pending trial here and in the family court. This litigation will likely consume much of, if not all, the value of the bankruptcy estate. The trustee stated that he currently has costs and attorney's fees of $31,786.02. Legal fees are likely to increase exponentially and there will also be fees for appraisers, real estate agents, and accountants. There may be capital gains taxes. No bankruptcy purpose is likely served with the continued administration of the case. Debtor already has her discharge and the possibility of a dividend for the one creditor is uncertain, perhaps remote.

*Id.* at *2. Accordingly, the Bankruptcy Court granted Appellant Holmes's motion to dismiss and dismissed the underlying bankruptcy case and a related adversary proceeding, thereby ending administration of the bankruptcy estate without sale of the Property. *Id.*

According to the Bankruptcy Court's Order of Dismissal, Appellant Holmes agreed, as a condition of the dismissal, to the withdrawal of all pending appeals. *Id.* at *1. Further, the Bankruptcy Court's Order of Dismissal specifically stated, "Debtor and trustee are directed to seek dismissal of all pending appeals from Bankruptcy Court orders." *Id.* at *2.

The case currently pending before this Court is an appeal from a Bankruptcy Court order related to the underlying bankruptcy case. However, no stipulation of dismissal or motion to dismiss this appeal has been filed, notwithstanding the Bankruptcy Court's Order of Dismissal.

Appellant Holmes is hereby **ORDERED** to inform the Court in writing, within ten days of the date of this Order, as to her intent to dismiss this case in accordance with the Bankruptcy Court's Order of Dismissal or otherwise show cause why the Bankruptcy Court's Order of Dismissal does not moot her appeal. If, within ten days of the date of this Order, Appellant does not file a stipulation of dismissal or motion to dismiss the appeal, and no party to the appeal submits an objection to dismissal of the appeal specifically showing cause as to why this appeal should not be dismissed as moot, the Court will dismiss this case as moot. *See Catawba Riverkeeper Found. v. N. Carolina Dep't of Transportation*, 843 F.3d 583, 588 (4th Cir. 2016) ("A case becomes moot, and thus deprives federal courts of subject matter jurisdiction, when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.") (citation and internal quotation marks omitted).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks  
United States District Judge

September 7, 2021  
Charleston, South Carolina